# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

R. ALEXANDER ACOSTA,  )
SECRETARY OF LABOR,  )
UNITED STATES  )
DEPARTMENT OF LABOR,  )
 )
Plaintiff,  )
 )
v.  ) Civil Action No. _____
 )
ALEXANDER'S SALON & SPA, INC.,  )
a corporation, d/b/a  )
ALEXANDER'S SALON & SPA ;  )
ALEXANDER'S IN THE WOODS, LLC,  )
a limited liability company, d/b/a  )
ALEXANDER'S IN THE WOODS; and  )
SHERRILYN TARAPCHAK, individually,  )
and as a manager, owner, and  )
corporate officer of the aforementioned  )
corporations,  )
 )
Defendants.  )
 )

# COMPLAINT

Plaintiff, R. ALEXANDER ACOSTA, Secretary of Labor, United States Department of Labor ("Plaintiff") brings this action to enjoin ALEXANDER'S SALON & SPA, INC., a corporation, d/b/a ALEXANDER'S SALON & SPA, ALEXANDER'S IN THE WOODS, LLC, a limited liability company, d/b/a ALEXANDER'S IN THE WOODS, and SHERRILYN TARAPCHAK, individually, and as a manager, owner, and corporate officer of the aforementioned

corporations (collectively, "Defendants"), from violating the provisions of Sections 6, 7, 11(c), 15(a)(2), and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* ("the Act"), and for a judgment against Defendants in the total amount of back wage compensation found by the Court to be due to any of the employees of Defendants pursuant to the Act and an equal amount due to the employees of Defendants in liquidated damages.

 1. Jurisdiction of this action is conferred upon the Court by Section 17 of the Act, 29 U.S.C. § 217, and by 28 U.S.C. §§ 1331 and 1345.

 2. Defendant ALEXANDER'S SALON & SPA, INC., a corporation, d/b/a ALEXANDER'S SALON & SPA, is a corporation duly organized under the laws of the Commonwealth of Pennsylvania, with a registered office at 525 Linden Street, Scranton, PA 18503, within the jurisdiction of this court. Defendant is engaged in a full-service salon and spa business at 431 Lackawanna Avenue, Scranton, PA 18503 ("Alexander's Scranton"), within the jurisdiction of this court.

 3. Defendant ALEXANDER'S IN THE WOODS, LLC, a limited liability company, d/b/a ALEXANDER'S IN THE WOODS, is a limited liability company duly organized under the laws of the Commonwealth of Pennsylvania, with a registered office at 431 Lackawanna Avenue, Scranton, PA 18503 , within the jurisdiction of this court. Defendant ALEXANDER'S IN THE WOODS, LLC, is engaged in a full-service salon and spa business at 1073 Highway 315

Boulevard, Wilkes-Barre, PA 18702 ("Alexander's Wilkes-Barre"), within the jurisdiction of this court.

4.     Defendant SHERRILYN TARAPCHAK is the manager, corporate officer, and owner of the corporations identified in Paragraphs 2 through 3 (collectively, "the salons"), and maintains an address at 413 Lackawanna Avenue, Scranton, PA 18503, within the jurisdiction of this court. Defendant SHERRILYN TARAPCHAK has directed employment practices and has directly or indirectly acted in the interest of the salons in relation to their employees at all times relevant herein, including hiring employees, setting employees' conditions of employment, including the rates and methods of compensation, distributing payroll, maintaining employment records, and supervising employees.

5.     The business activities of Defendants, as described herein, are and were related and performed through unified operation or common control for a common business purpose and constitute an enterprise within the meaning of Section 3(r) of the Act.

6.     Defendants have employed and are employing employees in and about their place of business in the activities of an enterprise engaged in commerce or in the production of goods for commerce, including employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce. For example, Defendants' employees have handled and

sold salon and beauty products that have been purchased, moved in, or produced for commerce, defendants' employees have processed credit card transactions for retail products and salon services to customers in commerce, Defendants' employees have sold gift cards over the internet through the enterprise's website, and Defendants' employees occasionally engage in interstate travel to attend industry trade shows. The enterprise has had an annual gross volume of sales made or business done in an amount not less than $500,000.00. Therefore, Defendants' employees are employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of the Act.

7. Defendants willfully violated the provisions of Sections 6 and 15(a)(2) of the Act by employing salon assistants ("assistants") in an enterprise engaged in commerce or in the production of goods for commerce and compensating these assistants at rates less than the applicable statutory minimum rate prescribed in Section 6 of the Act. Therefore, Defendants are liable for unpaid minimum wages and an equal amount of liquidated damages under Section 16(c) of the Act. For example: During the time period from at least December 3, 2014, through at least December 2, 2016, Defendants failed to pay certain of their employees employed as assistants at the salons the applicable minimum wage for all hours worked, while paying certain other of their hourly employees at least

minimum wage. Defendants gave certain other employees employed as stylists, nail technicians, and massage therapists the discretion to share their cash tips with assistants, but Defendants had no policies or procedures to ensure that tips shared with assistants made up the difference between their hourly cash wages and the applicable minimum wage for all hours worked, and as a result, assistants' hourly wages fell below the minimum wage for hours worked. Defendants failed to keep records of how much assistants received in tips, if any. Defendants failed to notify assistants of the tip credit provisions of Section 3(m) of the Act. Defendants claimed an illegal tip credit against its minimum wage obligations to assistants.

8. Defendants willfully violated the provisions of Sections 7 and 15(a)(2) of the Act by employing their employees in an enterprise engaged in commerce or in the production of goods for commerce for workweeks longer that those prescribed in Section 7 of the Act without compensating said employees for employment in excess of the prescribed hours at rates not less than one and one-half times their regular rates. Therefore, Defendants are liable for the payment of unpaid overtime compensation and an equal amount of liquidated damages under Section 16(c) of the Act. For example: During the time period from at least December 3, 2014, through at least December 2, 2016, Defendants failed to compensate certain of their employees employed at the salons as assistants, receptionists, and front desk managers who worked over 40 hours in a workweek

one and one-half times their regular rate. Workweeks for these employees occasionally exceeded 40 hours, but these employees did not receive time and one-half their regular rate for their overtime hours. These employees received straight time for all hours worked. Defendants occasionally adjusted employees' biweekly total hours worked to reduce employees' hours below forty per workweek to avoid having to pay an overtime premium. Defendants also failed to include commissions and non-discretionary bonuses in calculating these employees' regular rates for purposes of calculating their overtime premium.

9. Defendants violated the provisions of Sections 11(c) and 15(a)(5) of the Act in that Defendants failed to make, keep, and preserve adequate and accurate records of their employees, which they maintained as prescribed by the regulations issued and found at 29 C.F.R. Part 516. For example: Defendants failed to keep records of tips received by or shared with assistants; Defendants failed to keep records of the amount of tips claimed as a tip credit; Defendants failed to keep records of hours worked for commission employees; Defendants' payroll records did not segregate earnings by type (straight-time, overtime, or commissions); Defendants' payroll records did not show certain employees' full names; and Defendants failed to post the required FLSA minimum wage poster at both salons.

6

WHEREFORE, cause having been shown, the Secretary prays for judgment against Defendants providing the following relief:

(1)  For an injunction issued pursuant to Section 17 of the Act permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with Defendants who receive actual notice of any such judgment, from violating the provisions of Sections 6, 7, 11(c), 15(a)(2) and 15(a)(5) of the Act; and

(2)  For judgment pursuant to Section 16(c) of the Act finding Defendants liable for unpaid minimum wage and overtime compensation due to certain of Defendants' current and former employees listed in the attached Schedule A for the period of at least December 3, 2014, through at least December 2, 2016, and for an equal amount due to certain of Defendant's current and former employees in liquidated damages. Additional amounts of back wages and liquidated damages may also be owed to certain current and former employees of Defendants listed in the attached Schedule A for violations prior to December 3, 2014, and continuing after December 2, 2016, and may be owed to certain current and former employees presently unknown to the Secretary for the period covered by this Complaint; or

(3)  In the event liquidated damages are not awarded, for an injunction issued pursuant to Section 17 of the Act restraining defendants, their officers, agents, employees, and those persons in active concert or participation with

defendants, from withholding the amount of unpaid minimum wages and overtime compensation found due defendants' employees and prejudgment interest computed at the underpayment rate established by the Secretary of the Treasury pursuant to 26 U.S.C. § 6621.

FURTHER, Plaintiff prays that this Honorable Court award costs in his favor, and an order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

Nicholas C. Geale
Acting Solicitor of Labor

Oscar L. Hampton III
Regional Solicitor

*/s/ Brian P. Krier*
By: Brian P. Krier
PA313826
Office of the Solicitor, Region III
Suite 630 East, The Curtis Center
170 South Independence Mall West
Philadelphia, PA 19106-3306
(215) 861-5141 (Phone)
(215) 861-5162 (Fax)
Krier.Brian@dol.gov

U.S. DEPARTMENT OF LABOR

Attorneys for Plaintiff